```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF KENTUCKY
 2                          PIKEVILLE DIVISION

 3  UNITED STATES OF AMERICA,       . Docket No. CR 13-15
                                    .
 4       Plaintiff,                 . Lexington, Kentucky
                                    . October 16, 2013
 5       v.                         . 10:59 a.m.
                                    .
 6  JOHN TRAVIS MILLNER,            . Initial Appearance/
                                    .    Arraignment
 7       Defendant.                 .
    . . . . . . . . . . . . . . . .
 8
                       TRANSCRIPT OF PROCEEDINGS
 9             BEFORE THE HONORABLE AMUL R. THAPAR
                   UNITED STATES DISTRICT JUDGE
10
    APPEARANCES:
11
    For the Plaintiff:    Mr. Roger West
12                        Assistant United States Attorney
                          260 West Vine Street, Suite 300
13                        Lexington, KY 40507-1671

14                        Ms. Amanda Haines
                          U.S. Department of Justice -
15                           Capital Case Section
                          1331 F Street N.W.
16                        3rd Floor
                          Washington, DC  20530
17
    For the Defendant:    Mr. Patrick F. Nash
18                        Nash Marshall, PLLC
                          129 W. Short Street
19                        Lexington, KY 40507

20                        Mr. Kevin McNally
                          McNally & O'Donnell
21                        513 Capitol Avenue
                          P.O. Box 1243
22                        Frankfort, KY 40601

23

24

25
```

```
 1  APPEARANCES (Cont.):
    Court Reporter:        K. Ann Banta, RPR, CRR
 2                         101 Barr
                           Lexington, KY 40507
 3                         (502) 545-1090

 4  Proceedings recorded by mechanical stenography,
    transcript produced by computer-aided transcription.
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                        Wednesday morning session,
 2                        October 16, 2013, 10:59 a.m.
 3                             - - -
 4          THE COURT:  Thank you.  Good morning to
 5 everyone.
 6          If the clerk would call the next matter on
 7 the docket, please.
 8          THE CLERK:  Yes, Your Honor, Pikeville
 9 criminal action no. 13-15, United States of America v.
10 John Travis Millner, called for initial appearance and
11 arraignment.
12          THE COURT:  Thank you very much.  The court
13 recognizes Mr. West here for the United States, good
14 morning.
15          MR. WEST:  Yes, Your Honor, good morning.
16 Miss Amanda Haines is here from the Capital Crimes
17 Unit with the Department of Justice out of D.C.  She
18 is co-counsel.
19          THE COURT:  Thank you.  Miss Haines, good
20 morning to you.
21          MS. HAINES:  Good morning, Your Honor.
22          THE COURT:  Mr. Nash, good morning to you.
23 For the defense?
24          MR. NASH:  Good morning, Your Honor, Patrick
25 Nash on behalf of Mr. Millner who is here to the
```

1 court's left, and this is my co-counsel, learned
2 counsel, Kevin McNally.
3     MR. MCNALLY: Good morning.
4     THE COURT: Good morning, counsel, good
5 morning, Mr. Millner. Please be seated.
6     Mr. Millner, we are here today for an initial
7 appearance and arraignment in this case.
8     The federal grand jury has returned an
9 indictment naming you and charging you with certain
10 crimes.
11     Judge Atkins of this court did receive a
12 motion to set the matter for arraignment, and so the
13 court has set the matter today for the initial
14 appearance and arraignment.
15     What I am going to do, Mr. Millner, is make
16 sure that you have received the indictment, that's the
17 charging document setting forth allegations against
18 you, and be sure you are aware of the content of that
19 document, what you are charged with and the penalties
20 you could face in the event of conviction.
21     I will take your initial plea or response to
22 that indictment and cover several of the rights that
23 you have and discuss further proceedings in the case.
24     There is going to be a status conference in
25 this case before Judge Thapar, the trial judge in the

1 case, at 11:30 today, and he will take up the trial
2 schedule itself and various other issues implicated in
3 the case as -- as he directs.
4              At the outset, Mr. Millner, let me talk about
5 a couple of your important rights including the right
6 you have to remain silent.  That applies both today
7 and throughout the proceedings.
8              That right means that you cannot be required
9 to answer questions about any allegations against you,
10 you cannot be required to make a statement of any
11 kind.
12             If you begin to make a statement you may
13 stop, but anything you say in open court can be used
14 against you by the prosecution in the case.  Do you
15 understand that?
16             THE DEFENDANT:  Yeah.
17             THE COURT:  Thank you.  You also have the
18 right to the assistance of an attorney, Mr. Millner.
19             That is a constitutional right that has
20 different parts.
21             One part is the right you would have to hire
22 your own lawyer if you could afford to do that.
23             But if you cannot afford that, you still have
24 the right to the assistance of an attorney, meaning
25 that the court would provide an attorney or attorneys

```
 1  to you at its expense.  They would represent you alone
 2  in the case.
 3          Because of the particular charges, you have
 4  expanded rights set by statute.
 5          Judge Thapar is going to cover those rights
 6  with you in detail at the status conference.
 7          Mr. Nash, I understand that you and
 8  Mr. McNally have previously been appointed by the
 9  court precharge; is that correct?
10          MR. NASH:  Yes, sir.
11          THE COURT:  Okay, thank you.  Mr. Millner,
12  you have the right, among other things, to continuity
13  of counsel really beginning with the original
14  appointment and going through every subsequent stage
15  of the case including any trial proceedings, any
16  appeal, any post trial, post conviction proceedings
17  and indeed proceedings even after that.
18          And so Judge Thapar is going to cover those
19  things with you.
20          At this point I am going to continue the
21  appointment of Mr. Nash and Mr. McNally on your
22  behalf.  Do you understand that, Mr. Millner?
23          THE DEFENDANT:  Yes, sir.
24          THE COURT:  Okay.  All right, counsel,
25  turning to the indictment in the case, Mr. Nash, have
```

```
 1  you received that document?
 2           MR. NASH:  Yes, Your Honor, and I have
 3  provided a copy to Mr. Millner and we have reviewed it
 4  together, and I can tell the court that he understands
 5  the charges, penalties, his name is spelled correctly
 6  and we would waive formal arraignment and enter pleas
 7  of not guilty.
 8           THE COURT:  All right, thank you very much,
 9  Mr. Nash.
10           Mr. Millner, I am going to cover the content
11  of the indictment with you.
12           I want to remind you at the outset that you
13  are presumed innocent of any crime in this case.  You
14  stand before the court innocent.
15           You could only be convicted in a court of law
16  by due process of law.
17           Many rights protect you including your right
18  to a jury trial where the entire burden of proof will
19  be on the government.
20           That means you would not have to prove
21  anything at the trial of the case with respect to
22  guilt or innocence of the charges contained in the
23  indictment.
24           The entire burden is on the United States,
25  and so I am going to cover charges and possible
```

1 penalties.
2          That's only to ensure that you have that
3 information.  That does not in any way take away from
4 the presumption that you are innocent of any crime
5 charged.  Do you understand that?
6          THE DEFENDANT:  Yes, sir.
7          THE COURT:  Thank you.  All right, it is a --
8 a two-count indictment, Mr. Millner.
9          Count one is an allegation under 18 U.S.C.,
10 Section 111 -- I'm sorry, 1118(a) charging that on or
11 about January 28, 2009, in Martin County and in this
12 federal district, that you, while confined in the
13 United States Penitentiary at Big Sandy under a
14 sentence of term of life imprisonment, did with malice
15 aforethought kill another human being, to wit:
16 Vincent E. Smith, Jr., which killing is murder as
17 defined in 18 U.S.C., Section 1111(a), all in
18 violation of 18 U.S.C., Section 1118(a).
19          Count two, is a charge under 18 U.S.C.,
20 Section 1111(a) and (b) charging that on or about
21 January 28th, 2009, in Martin County, in this federal
22 district, that you, at the United States Penitentiary
23 Big Sandy and within the special maritime and
24 territorial jurisdiction of the United States, did,
25 with malice aforethought, unlawfully kill a human

```
 1  being, to wit:  Vincent E. Smith, Jr., and did so
 2  willfully, deliberately, maliciously and with
 3  premeditation, all in violation of 18 U.S.C., Section
 4  1111(a) and (b).
 5           For either count, one and/or two, upon
 6  conviction, the penalties would be either death or
 7  life imprisonment.
 8           Any felony count of conviction does carry a
 9  mandatory special assessment of $100 per count.
10           For any identified victim as defined by law,
11  restitution would be part of any judgment in the event
12  of conviction.
13           You also potentially could face a fine of up
14  to $250,000 for a conviction of a felony under federal
15  law.
16           Let me also point out, Mr. Millner, the
17  notice of special findings contained in the indictment
18  as returned by the grand jury, those findings could,
19  if properly determined at trial, result in eligibility
20  for or imposition of a death sentence; and let me just
21  go over those special findings as reflected in the
22  indictment.
23           Beginning within (B) of the special findings
24  section, the grand jury did find that the defendant,
25  John Travis Millner, was more than eighteen years of
```

age at the time of the offenses, that number two, the defendant intentionally killed Vincent E. Smith, Jr.; number three, the defendant intentionally inflicted serious bodily injury that resulted in the death of Vincent E. Smith, Jr.; number four, the defendant intentionally participated in an act contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person other than one of the participants in the offense, and Vincent E. Smith, Jr. died as a result of the act.

Number five, the defendant intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to a person other than one of the participants in the offense such that participation in the act constituted a reckless disregard for human life, and Vincent E. Smith, Jr. died as a result of the act.

The findings then, numbers six through ten, reflect consideration of statutory aggravating factors concerning the alleged events at issue.

Number six, the death and/or injury resulting in the death of Vincent E. Smith, Jr. occurred during the commission of and/or attempted commission of and/or during an immediate flight from commission of

```
 1  an offense under 18 U.S.C., Section 1118.
 2          Number seven, the defendant has previously
 3  been convicted of a federal and/or state offense
 4  punishable by a term of imprisonment of more than one
 5  year involving the use and/or attempted and/or
 6  threatened use of a firearm against another person.
 7          Number eight, the defendant has previously
 8  been convicted of another federal and/or state offense
 9  resulting in the death of a person for which a
10  sentence of life imprisonment or a sentence of death
11  was authorized by statute.
12          Number nine, the defendant has previously
13  been convicted of two or more federal and/or state
14  offenses punishable by a term of imprisonment of more
15  than one year committed on different occasions
16  involving the infliction of and/or intended infliction
17  of serious bodily injury and/or death upon another
18  person.
19          And number ten, the defendant committed the
20  offense in an especially heinous, cruel and/or
21  depraved manner in that it involved torture and/or
22  serious physical abuse to the victim.
23          So that's the content of the indictment,
24  Mr. Millner, and those are the potential penalties you
25  could face in the event of conviction.
```

1             Do you understand what you are charged with,
2  sir?
3             THE DEFENDANT:  Yes, sir.
4             THE COURT:  Do you understand the penalties
5  you could face if convicted?
6             THE DEFENDANT:  Yes, sir.
7             THE COURT:  Thank you.  All right, with a not
8  guilty plea entered, Mr. Millner, let me cover some
9  additional important rights you have as a defendant in
10 the federal system including the right to a speedy
11 public trial by a fair and impartial jury.
12            As I indicated, Judge Thapar will discuss the
13 trial schedule at the scheduling conference and status
14 conference to follow this hearing this morning.
15            At trial you do have the right to confront
16 and cross examine, that means to question in open
17 court, any witnesses presented against you by the
18 prosecution.
19            You further have the right to compel your own
20 witnesses to attend and give testimony on your behalf.
21            That means if there are witnesses you need to
22 have present, you have the power to force those
23 witnesses to appear and take part.
24            Even if they don't want to appear, you can
25 have subpoenas issued for those witnesses to compel

```
 1  their attendance.
 2          If you cannot afford the cost of doing that,
 3  the government would bear that cost for you if you
 4  apply to the court.
 5          At trial you could not be compelled to
 6  testify or to present evidence against yourself, but
 7  you do have the absolute right to fully participate in
 8  the trial.
 9          That includes your right to testify, it
10  includes your right to put on proof.
11          The point is it's up to you whether you
12  testify at trial and whether you put on evidence of
13  any type.
14          If you choose not to, that choice cannot in
15  any way be used against you by the government at
16  trial.
17          Do you understand those rights as I have
18  stated them to you?
19          THE DEFENDANT:  Yes, sir.
20          THE COURT:  Thank you.  And again,
21  Mr. Millner, concerning your right to counsel, based
22  -- because of the nature of this case and the charges
23  against you, it's a fairly complicated and detailed
24  right, and Judge Thapar is going to cover that with
25  you in detail including the number of counsel you are
```

```
 1  entitled to and the qualifications of counsel just to
 2  make sure you understand that and -- and you are
 3  satisfied with the current status of things as he
 4  evaluates the prior appointment of the counsel you
 5  have at this point.  Do you understand that?
 6           THE DEFENDANT:  Yes, sir.
 7           THE COURT:  Thank you.  All right, now,
 8  concerning Mr. Millner's detention status, Mr. West, I
 9  understand from the record and based on the indictment
10  he is under a current life sentence; is that correct?
11           MR. WEST:  Yes, Your Honor, as a formality we
12  would move for detention, but again, it's a foregone
13  issue.  He is serving life without parole.
14           THE COURT:  All right, thank you.  Mr. Nash?
15           MR. NASH:  That's correct.
16           THE COURT:  Okay, then I'll -- I'll treat the
17  government as having made the motion, of course, but
18  based on the undischarged term, I don't believe the
19  issue would be ripe for consideration at this point.
20           If something should change, of course,
21  Mr. Nash, you could alert the court and the court
22  would take that issue up at the appropriate time.  Any
23  objection to that, Mr. Nash?
24           MR. NASH:  No, sir.
25           THE COURT:  I know the -- the issue of victim
```

1  rights has already been addressed by the court by
2  separate order, and I know the United States has --
3  has responded to that.
4          With those things covered, Mr. West, is there
5  anything else we need to take up today for the United
6  States?
7          MR. WEST:  No, sir, thank you.
8          THE COURT:  Thank you.  Mr. Nash,
9  Mr. McNally?
10         MR. NASH:  No, sir.
11         MR. MCNALLY:  No, Your Honor.
12         THE COURT:  The only procedural issue I would
13 want to raise is there is not any process in this case
14 bringing the defendant before the court, and we didn't
15 issue a writ to bring him before the court.
16         I just want to make sure that that's not an
17 irregularity that needs to be taken up.
18         I know that he was in the custody of the BOP
19 based on the undischarged term.
20         Is there any issue there that we need to
21 attend to, Mr. West?
22         MR. WEST:  No, sir, the United States issued
23 a USA Form 475 directing the United States Marshal to
24 bring this defendant here.
25         That appropriate paperwork has been filed.  A

1 writ was not necessary since he was in federal custody
2 from the outset.
3          THE COURT:  That's an internal transfer based
4 on preexisting custody?
5          MR. WEST:  It is, sir.
6          THE COURT:  Okay, Mr. Nash, any objection to
7 that status?
8          MR. NASH:  No.
9          THE COURT:  Okay.  All right, thank you, all
10 counsel, thank you, Mr. Millner.
11          That will conclude matters before me
12 concerning Mr. Millner today, and as I indicated,
13 Judge Thapar will take up the status conference
14 shortly.  Thank you.
15          (The further hearing in this matter was
16 concluded at 11:15 a.m.)
17                        - - -
18                     CERTIFICATE
19          I certify that the foregoing is a correct
20 transcript from the record of proceedings in the
21 above-entitled matter.
22 s/  K. Ann Banta                    3-20-15
   K. Ann Banta, RPR, CRR              Date
23
24
25