UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 13-15-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOHN TRAVIS MILLNER, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant John Travis Millner filed a motion to compel the United States to produce reports underlying prison disciplinary records of inmate-on-inmate violence at United States Penitentiary—Big Sandy. *See* R. 84. The United States objected on the grounds that the information is not relevant to Millner's defense and would be burdensome to produce. *See* R. 85 at 6–7; R. 87 at 6. The United States requested an opportunity to brief the issue, and accordingly filed a motion to deny Millner's discovery request. *See* R. 100.

Millner's attorneys claim that they have already prepared a response to the United States' motion. *See* R. 111. The response will address why the requested documents are relevant and material to Millner's defense under Federal Rule of Criminal Procedure 16(a)(2)(E). *See id.* at 1. But Millner's attorneys ask to file the response *ex parte* and under seal. *Id.* at 2. They believe that their response will necessarily reveal details about Millner's defense strategy that would invade his attorney-client privilege and, as a result, violate his Sixth Amendment right to counsel. *Id.* The Court subsequently ordered briefing on the

issue. *See* R. 114. Based on the parties' responses and governing case law, the Court will deny Millner's request to file his motion *ex parte* and under seal.

## DISCUSSION

Federal Rule of Criminal Procedure 16 requires the government to provide discovery within its control, but only if the defense makes a request and the discovery is "material to preparing the defense." *See* Fed. R. Crim. P. 16(a)(1)(E). To establish materiality in the context of Rule 16, Millner must show the existence of a "logical relationship" between the discovery and the issues in the case. *United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011). Millner must also demonstrate that disclosing the evidence would enable him to "alter the quantum of proof in his favor." *United States v. Dobbins*, 482 F. App'x 35, 41 (6th Cir. 2012). Case law interpreting Rule 16 contemplates that the defense will provide the government with information to justify a discovery disclosure. *See United States v. Phillip*, 948 F.2d 241, 250 (6th Cir. 1991) ("[T]o obtain discovery . . . the defendant must make a prima facie showing of materiality.").

Millner has not identified a Sixth Circuit case allowing him to avoid this obligation by making a showing of materiality *ex parte* and under seal. Indeed, many cases openly discuss whether a defendant's requested discovery would be material to his defense. *See, e.g.*, *Phillip*, 948 F.2d at 250–51; *United States v. Clingman*, 521 F. App'x 386, 393–94 (6th Cir. 2013); *United States v. Lykins*, 428 F. App'x 621, 624–25 (6th Cir. 2011); *see also United States v. Caro*, 597 F.3d 608, 621–22 (4th Cir. 2010).

Millner argues that Rule 16 compels him to choose between a rock and a hard place: to disclose information about his defense strategy or forgo obtaining evidence in the government's possession. But disclosure of defense strategy is routine in criminal

proceedings; other rules of criminal procedure explicitly require the defense to provide information that may reveal trial strategies. *See, e.g.*, Fed. R. Crim. P. 12.1 (requiring the defense to provide, upon request by the government, notice of the use of an alibi defense); Fed. R. Crim. P. 12.2 (same for an insanity defense).

Courts have recognized the tension between the requirement to justify discovery requests under Rule 16 and the importance of keeping defense strategy confidential. But these courts have found that Rule 16 properly requires some disclosure of defense strategy in exchange for obtaining information from the government. *See, e.g.*, *Melson v. Sard*, 402 F.2d 653, 655 (D.C. Cir. 1968) (per curiam) ("We decline, however, to grant relief from appellant's second objection—that a . . . hearing will force him to tip his hand in advance of trial and consequently reveal a portion of his defense strategy. Although appellant may necessarily have to divulge a part of his defense, this is offset by his ability to learn much of the Government's case against him. Certainly there is enough merit in the achievement of greater mutual pretrial discovery in criminal cases that we cannot condemn such a consequence as one which the court must resolutely forbid.") (footnote omitted); *United States v. Poindexter*, 725 F. Supp. 13, 33 (D.D.C. 1989) ("[I]t is of course hardly a novel proposition that defendants in criminal cases may be required to disclose elements of their defenses in advance of trial."); *see id.* (pointing to examples in the Federal Rules of Criminal Procedure like alibi defenses and public authority defenses where defendants must disclose information that arguably reveals confidential trial strategy). Moreover, courts have found disclosures that reveal defense trial strategies to withstand constitutional challenges. *Williams v. Florida*, 399 U.S. 78, 82 (1970) (acknowledging that the adversary system is "not yet a poker game in which players enjoy an absolute right always to conceal their cards

3

until played"); *Taylor v. Illinois*, 484 U.S. 400 (1988); *see also United States v. Bump*, 605 F.2d 548, 552 (10th Cir. 1979) ("[W]e find Rule 16 is not invalid as an unlawful interference with defendant's constitutional rights against self-incrimination or to effective assistance of counsel."). The weight of authority establishes that any disclosure of defense strategy arising from Rule 16's requirements does not violate Millner's rights.

Yet Millner disagrees, arguing that regardless of Rule 16's terms, his disclosure obligation violates his Sixth Amendment right to effective assistance of counsel. *See* U.S. Const. amend. VI (guaranteeing a criminal defendant the right to counsel); *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (establishing that the right to counsel entitles defendants to the *effective* assistance of counsel). The Supreme Court has found that the government can violate this guarantee by interfering with counsel's ability "to make independent decisions about how to conduct the defense." *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) (collecting cases). For example, the government violates the right to effective assistance of counsel by barring direct examination of a defendant or consultation between attorney and the defendant at trial. *See, e.g.*, *Ferguson v. Georgia*, 365 U.S. 570, 593–96 (1961); *Geders v. United States*, 425 U.S. 80 (1976).

Millner argues that justifying his discovery request to the United States will similarly violate his right to effective assistance of counsel. Why? Because disclosing confidential defense strategies to the government in advance of trial would be tantamount to having no counsel at all. *See* R. 111. In support, Millner cites one Sixth Circuit case. *See id.* at 2 (citing *United States v. Steele*, 727 F.2d 580, 585 (6th Cir. 1984)). In *Steele*, defendant David Warren was charged with conspiracy to distribute cocaine. Warren claimed that a government informant intruded upon Warren's meetings with his attorney. *See Steele*, 727

4

F.2d at 586 (claiming that the informant, James Trammel, "repeatedly attempted to get in close proximity to Warren and his attorney . . . when they were discussing the case in the jail"). Warren argued that Trammel's presence was akin to an "invasion" of a government agent "in the defense camp." *Id.* The Sixth Circuit, following Supreme Court dicta, evaluated whether Trammel's presence was so intrusive as to constitute a denial of Warren's right to counsel under the Sixth Amendment. *See id.* at 585 (citing *Weatherford v. Bursey*, 429 U.S. 545, 554 n.4 (1977) (noting that the United States conceded that a defendant's Sixth Amendment rights would be violated "if the government places an informant in the defense camp during a criminal trial and receives from that informant privileged information pertaining to the defense of the criminal charges")). Ultimately, however, the *Steele* court decided that "[t]here was no evidence . . . which showed that the presence of [the informant] . . . was purposefully caused by the government in order to gain confidential, privileged information." *Id.* at 586.

Millner reads *Steele* to hold that the government invades a defendant's attorney-client privilege and violates his Sixth Amendment rights whenever it "improperly learns details about defense trial preparation." *See* R. 111 at 2. But that interpretation of *Steele* is exceedingly broad. The *Steele* court addressed only the narrow issue of whether a government informant can disrupt a defendant's attorney-client relationship in a manner that violates his Sixth Amendment right to counsel. There is no government informant at issue in this dispute. So *Steele* does not support Millner's argument. Millner provides no authority suggesting that he would jeopardize his right to counsel by disclosing defense strategies under Federal Rule of Criminal Procedure 16. And the Court is not aware of any cases or statutes that set forth this rule. Indeed, it would be very strange to require the government to

determine whether documents are "material" to the defense if the government is not privy to the defense's underlying theory of the case.

Nevertheless, Millner maintains that federal law recognizes a right to keep his defense strategy confidential. He points to case law interpreting 18 U.S.C. § 3006A. *See generally* R. 127. This statute guarantees an *ex parte* proceeding to appoint "investigative, expert, or other services necessary for adequate representation" of a criminal defendant. 18 U.S.C. § 3006A(e). The legislative history indicates that § 3006A was passed to prevent "the possibility that an open hearing [about whether a defendant is entitled to experts and other services] may cause a defendant to reveal his defense." H.R. Rep. No. 88–864 (1963), *reprinted in* 1964 U.S.C.C.A.N. 2990, 2990. Courts routinely hold *ex parte* proceedings to appoint defense experts for defendants, consistent with the plain language and purpose of § 3006A. *See, e.g.*, *United States v. Abreu*, 202 F.3d 386, 390 (1st Cir. 2000); *Lawson v. Dixon*, 3 F.3d 743, 751 (4th Cir. 1993).

But at issue here is Federal Rule of Criminal Procedure 16—not § 3006A. And Rule 16 was promulgated based on different policy considerations. *See Melson*, 402 F.2d at 655 (concluding that the benefits of greater mutual pretrial discovery in criminal cases justifies requiring disclosure of defense strategy).

The Court is mindful of the importance of Millner's right to counsel, his confidential attorney-client relationship, and his interest in keeping his trial strategy confidential. But the Court must also ensure fairness to all parties and to the public. In this case, fairness requires Millner to justify his request for documents from the Bureau of Prisons directly to the United States. Moreover, "[a]s a general matter, *ex parte* contacts between a party and the trial court in criminal trials 'are nearly always problematic in light of the Sixth Amendment's guarantee

of a public trial.'" *United States v. Jordan*, 544 F.3d 656, 665 (6th Cir. 2008) (internal citations omitted). Finally, requiring Millner to respond directly to the United States' arguments will enable the government to file a reply brief and will assist the Court in resolving the motion.

    Millner's arguments do not counsel in favor of requiring the United States to expend potentially significant resources to provide discovery for reasons that it may never know. The government cannot know what is relevant and material under Rule 16 without understanding Millner's arguments. While the government is responsible to do many things to ensure a fair trial, it is not obligated to read the defendant's mind. Neither is the government obligated to produce discovery that is immaterial to Millner's case. *See United States v. Llanez-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013) (affirming that the government's Rule 16 obligation does not arise unless "the item is within the government's possession, custody, or control *and*: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant").

Accordingly, it is **ORDERED** that:

(1)   Millner's motion for leave to file his response *ex parte* and under seal, R. 111, is **DENIED**.

(2)   By **Friday, June 5, 2015**, Millner **SHALL FILE** his response to the United States' motion to preclude discovery of Bureau of Prisons records, R. 100.

(3)   By **Friday, June 12, 2015**, the United States **MAY FILE** a reply in support of its motion.

This the 28th day of May, 2015.

Signed By:
*Amul R. Thapar*
United States District Judge